# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**UNITED STATES OF AMERICA**

v.  CRIMINAL ACTION NO.: 2:13cr78

**STEVEN A. CARLYSLE**

**Defendant.**

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant Steven Carlysle's appeal from his conviction before a Magistrate Judge of Driving Under the Influence of Alcohol and Driving Under the Influence of Alcohol While Under the Age of Twenty-One. 18 U.S.C. §§ 7, 13. *See* 18 U.S.C. § 3402 ("In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed."). Defendant has filed a Statement of Appealed Issues, and the Government has filed a Response. After a thorough review of the parties' briefings and the transcript of the trial before the Magistrate Judge, Defendant's conviction is **AFFIRMED** for the reasons stated below.

## I. FACTUAL AND PROCEDURAL HISTORY

In the early morning of December 22, 2012, Master-At-Arms Second Class Brandon Deloof, a petty officer in the United States Navy, was on duty in an area of Norfolk, Virginia where the military and the City of Norfolk have concurrent jurisdiction. Tr. 8-9. At approximately 2:44am, he observed a silver Chevrolet truck with a driver and one passenger "swerving back and forth from lane to lane" on a four lane road. Tr. 8-9. He followed the vehicle for several hundred yards until it made a right-hand turn. Tr, 10-11. At that point,

1

Deloof did not follow the truck but instead continued approximately a mile to speak with a civilian police officer whom Deloof had interacted with earlier that morning. Tr. 18, 24. According to Deloof, he did so because at the time of the incident, he had been instructed by his supervisor to not enter the area into which the truck turned because the City of Norfolk had primary jurisdiction over that area. Tr. 20. He "knew if there's a Norfolk police officer present that there would be no jurisdictional issue because we would have both parties from that jurisdiction there." Tr. 12.

After several minutes of conversation with the civilian police officer, Deloof observed the same silver Chevrolet truck, which he recognized as the same vehicle because of its suspension and because of the clothing of the occupants. Tr. 13-14, 19. It made a U-turn and proceeded towards the area where Deloof was talking to the other police officer. Tr. 13. Although he did not observe any additional traffic violations, he decided to initiate a stop of the vehicle based on the swerving he had observed several minutes earlier. Tr. 18-19. Deloof testified that the swerving he had observed was a traffic violation and was concerned "specifically in the early-morning hours, when we see a vehicle that cannot maintain lane to the point of not being able to stay in the lane at all and you're just swerving between two lanes." Tr. 16-17. At the stop, Deloof detected a strong odor of alcohol, observed that the Defendant had a flushed face and bloodshot, glassy eyes, and administered several field sobriety tests and a preliminary breath test. Tr. 42-43. Based on the results of those tests, he called a certified breath technician who administered another breath test at approximately 4:30am, which measured a Blood Alcohol Content of 0.14. Tr. 43, 49.

A Criminal Information was filed against Defendant on December 28, 2012. Defendant had his initial appearance before a Magistrate Judge on January 4, 2013. On May 1, 2013, Defendant filed a Motion to Suppress, contending that the stop of his vehicle was unlawful

2

because Deloof lacked reasonable suspicion. Immediately prior to the bench trial before the Magistrate Judge on May 30, 2013, there was a hearing on the Motion to Suppress at which Deloof and the civilian officer testified. The Magistrate Judge denied the Motion to Suppress, concluding that Deloof had "testified absolutely credibly that he saw [Defendant] weaving, failing to maintain his lane for an extended period while he followed behind him," and that "by itself gave rise to reasonable suspicion." Tr. 39-40. Further, the Magistrate Judge reasoned, the incident occurred at an early hour in the morning, and Defendant "turned into a housing development where Officer Deloof quite rightly believed he was probably going home," and Deloof decided to pull him over after seeing Defendant leave the development, which further contributed to his reasonable suspicion to conduct the stop. Tr. 39-40.

Defendant consented to trial before the Magistrate Judge. Tr. 6-7. At the conclusion of the bench trial, where Deloof and the certified breath technician testified, the Magistrate Judge found Defendant guilty of both charges. Tr. 52. 18 U.S.C. §§ 7, 13, assim. Va. Code §§ 18.2-266, 18.2-266.1, & 18.2-270. He sentenced Defendant to a year of probation and $350 in fines. Tr. 54-55.

Defendant filed a Notice of Appeal in this Court on June 4, 2013. On November 7, 2013, Defendant filed his Statement of Appealed Issue, in which he argued that his Motion to Suppress was erroneously denied. On November 26, 2013, the Government filed its Response.

## II. STANDARD OF REVIEW

In this appeal, the Magistrate Judge's legal rulings are reviewed *de novo* and his factual rulings are subject for clear error review. As the Fourth Circuit has explained:

> An appellate review conducted by a district court after a bench trial before a magistrate judge is not a trial de novo; rather, the district court utilizes the same standards of review applied by a court of appeals in assessing a district court conviction. *See* Fed.R.Crim.P. 58(g)(2)(D). And our review of a magistrate court's trial record is governed by the same

3

> standards as was the district court's appellate review. *See United States v. Hughes*, 542 F.2d 246, 248 (5th Cir.1976). We assess challenges to the sufficiency of the evidence by viewing it—including all reasonable inferences to be drawn therefrom—in the light most favorable to the Government. *See United States v. Pasquantino*, 336 F.3d 321, 332 (4th Cir.2003) (en banc). Findings of fact made by the trial court are reviewed for clear error, and issues of law (such as the interpretation of statutes and regulations) are reviewed de novo. *See United States v. Leftenant*, 341 F.3d 338, 342–43 (4th Cir.2003).

*United States v. Bursey*, 416 F.3d 301, 305-06 (4th Cir. 2005). *See also United States v. Gupta*, No. 1:06cr0237, 2006 WL 6093874 (E.D. Va. Sept. 11, 2006) *aff'd*, 230 F. App'x 270 (4th Cir. 2007). In this case, the Magistrate Judge heard extensive testimony from the arresting officer and found him credible, and that conclusion is entitled to deference. *See United States v. Abu Ali*, 528 F.3d 210, 232 (4th Cir. 2008) ("We particularly defer to a [trial] court's credibility determinations, for it is the role of the [trial] court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." (quotations omitted)).

### III. DISCUSSION

Defendant contends that his Motion to Suppress was erroneously denied because Deloof lacked reasonable suspicion to conduct the stop of Defendant's vehicle. In evaluating the propriety of a search or seizure under the Fourth Amendment that must be justified by reasonable suspicion, courts "must look at the totality of the circumstances . . . to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (quotations omitted). Arresting officers may "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them." *Id.* The level of suspicion required cannot be a mere hunch but does "fal[l] considerably short of satisfying a preponderance of the evidence standard." *Id.* at 274. This is an objective test, and the Fourth Circuit has held that "when an officer observes a traffic offense or other unlawful conduct, he or she is justified in stopping the vehicle under the

Fourth Amendment." *United States v. Hassan El*, 5 F.3d 726, 730 (4th Cir. 1993). *See also United States v. Digiovanni*, 650 F.3d 498, 506-07 (4th Cir. 2011).

Although Defendant does not contest that Deloof actually observed a traffic violation, he contends that there was nonetheless a lack of reasonable suspicion to stop Defendant because 1) the truck's swerving could have been caused by something entirely innocent, such as Defendant's distraction by his fellow passenger, and 2) Deloof did not pull over Defendant immediately. Neither argument is persuasive. It is clear that in light of all of the circumstances, including the prolonged failure to maintain a lane and the time of day, it was objectively reasonable for Deloof to suspect that there was illegal activity afoot, whether that activity was failing to maintain a lane or driving under the influence of alcohol, or both. To the extent that Defendant contends that the stop was pretextual, the Supreme Court has established that the actual subjective motivations of an officer are irrelevant. *Whren v. United States*, 517 U.S. 806 (1996). In any event, Deloof's actual explanation for why he did not immediately detain Defendant were entirely reasonable. His brief detour only delayed the initiation of the stop by several minutes and did not serve to dissipate the reasonableness of his suspicion.

## IV. CONCLUSION

For the reasons stated above, Defendant's conviction is **AFFIRMED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
December 5, 2013

Raymond A. Jackson
United States District Judge

5